```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


CAROLYN GRANT-LEWIS,                )
                                    )
               Plaintiff,           )
                                    )   CIVIL ACTION
v.                                  )
                                    )   No. 07-2447-JWL–JTR
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
               Defendant.           )
_____)
```

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act).  Finding no error as alleged by plaintiff, the court recommends judgment be entered pursuant to 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

**I.   Background**

Plaintiff first applied for DIB and SSI on Mar. 9, 2001. (R. 88-92, 219-22).  After administrative proceedings thereon, plaintiff filed a complaint with the district court on Nov. 12, 2003, seeking judicial review of the Commissioner's decision

(first decision).  Grant v. Barnhart, No. 03-2572, Complaint (D. Kan. Nov. 11, 2003).  In a Report and Recommendation issued Dec. 22, 2004, the Magistrate Judge found no error in the Commissioner's credibility determination or in the determination not to give controlling weight to the opinion of plaintiff's treating physician, Dr. Anil Gosalia.  Id., Report and Recommendation, at 12, 21 (D. Kan. Dec. 22, 2004); see also (R. 321, 330).[1]  However, the Magistrate Judge found that the Commissioner had provided insufficient reasons to reject Dr. Gosalia's opinion completely, and that the Commissioner failed to properly explain the weight given the medical opinions of Dr. Gosalia and of the state agency consultants.  (R. 331-33).  The district court adopted the Report and Recommendation and remanded the case for further proceedings on Jan. 7, 2005.  (R. 308-09).

While awaiting Appeals Council action on her first set of applications, plaintiff again applied for DIB and SSI.  (R. 377-78, 681-83).  These applications were denied initially and upon reconsideration, and, on Apr. 30, 2004, plaintiff requested an ALJ hearing.  (R. 344, 345, 358, 684, 686, 687).  On Feb. 15, 2005, in response to the district court's remand order, the Appeals Council vacated the first decision, consolidated the

---

[1]The Report and Recommendation and the District Court's Order adopting the Report and Recommendation are included in the administrative record of this case (R. 308-35), and further citation will be to the relevant pages in this record.

cases, and remanded for an ALJ to conduct further proceedings and issue a new decision on remand. (R. 338-39). On remand, the ALJ secured additional evidence and held a hearing on May 16, 2006. (R. 377-88, 455-72, 592-612, 620-77, 688-723). At the hearing, plaintiff appeared personally and was represented by an attorney. (R. 688). Testimony was taken from plaintiff and from a vocational expert (VE). (R. 688-89).

The ALJ conducted additional proceedings after the hearing, and on Dec. 19, 2006 issued a decision. (R. 234-42, 389-90, 473-80, 678-80). In the decision, the ALJ determined that plaintiff has the residual functional capacity (RFC) to perform a range of medium work. (R. 238). Specifically, he determined plaintiff is restricted to lifting and/or carrying up to fifty pounds occasionally, and twenty-five pounds frequently; and must avoid hazards of unprotected heights, dangerous moving machinery, and operation of vehicles. Id. Relying upon this RFC assessment and the testimony of the VE, the ALJ found that plaintiff is able to perform her past relevant work as a pharmacy technician, a printer operator, or a hand packager, and is therefore not disabled within the meaning of the Act. (R. 241-42). Consequently, he denied her applications. (R. 242).

Plaintiff sought review of the decision (R. 228-30), but the Appeals Council found no reason to assume jurisdiction. (R. 228). Therefore, the ALJ's decision on remand is the final

decision of the Commissioner after remand.  (R. 228); Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004); 20 C.F.R. §§ 404.984, 416.1484.  Plaintiff now seeks judicial review.

**II.  Legal Standard**

The court's review is guided by the Act.  42 U.S.C. §§ 405(g), 1383(c)(3).  Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support a conclusion.  Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency."  White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere

-4-

conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  Id.

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920 (2006); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity, whether she has severe impairments, and whether the severity of her impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Id. at 750-51.  If claimant's impairments do no meet or

equal the severity of a listing, the Commissioner assesses her RFC.  20 C.F.R. §§ 404.1520, 416.920.  This assessment is used at both step four and step five of the process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether she is able to perform other work in the national economy.  Williams, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within claimant's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ failed to comply with the remand order of the district court and erred in finding that plaintiff can perform her past relevant work, and that the case should be reversed and remanded for an immediate award of benefits.  The Commissioner argues that the ALJ properly complied with the court's remand order, that the ALJ properly found that plaintiff can perform her past relevant work, and that the ALJ's decision should be affirmed.  The court will address each issue raised, but begins with considering whether the ALJ complied with the court's remand order adopting the Report and Recommendation.

**III. Whether the ALJ Complied with the Court's Remand Order**

Plaintiff claims the ALJ did not correct the errors noted in the Report and Recommendation because the ALJ did not address the findings of the state agency consultants as required by the Report and Recommendation. (Pl. Br. 20-21). She argues that these findings are consistent with Dr. Gosalia's opinion, and had the ALJ properly considered them, he would have given substantial weight to Dr. Gosalia's treating source opinion. The Commissioner points out that the Report and Recommendation "indicated that the Commissioner needed to consider and weigh the medical source opinions in accordance with the regulations and rulings, resolve any ambiguities, and explain the weight given each opinion." (Comm'r Br. 4)(citing(R. 333)). He argues that the ALJ did just that. That he specifically accorded "little weight" to Dr. Gosalia's opinion because it was not supported by Dr. Gosalia's treatment records, was not supported by medically acceptable clinical or laboratory diagnostic techniques, and was inconsistent with other substantial evidence of record. (Comm'r Br. 5-6). He also argues that the ALJ specified the weight and the reasons for assigning that weight to the opinions of the state agency consultants. Specifically, defendant indicates that the ALJ gave limited weight to the opinions of the consultants who worked on the first set of applications, but gave substantial weight to the opinions of the consultants on the second set of applications because they had a more longitudinal view of the

evidence, made a careful analysis of the medical records, and their opinions are consistent with the evidence. (Comm'r Br. 7-8). The court agrees with the Commissioner.

In his Report and Recommendation, the Magistrate Judge agreed with the first decision that "Dr. Gosalia's treatment notes do not reflect anything approaching the severity of limitations reflected in his medical source statement." (R. 329). Therefore, the court found "it was proper not to give [Dr. Gosalia's] opinions controlling weight." (R. 330). The court construed the ALJ's failure to specifically assign any weight to Dr. Gosalia's opinions as a determination to reject the opinions completely, but found that the reasons given in the first decision were inadequate. (R. 330-31). Moreover, the court found that the ALJ had failed to properly explain the weight he gave Dr. Gosalia's medical opinion or those of the state agency consultants even though the opinion of the state agency non-examining consultant provided some support for Dr. Gosalia's opinions. (R. 331-33). The court concluded:

> Remand is necessary for the Commissioner to consider and weigh the medical source opinions in accordance with the regulations and rulings. [H]e must resolve any ambiguities and explain the weight given each opinion. The court does not find that Dr. Gosalia's opinion must be accepted under any view of the evidence. Rather, the Commissioner must explain the weight given each opinion and support h[is] conclusion with record evidence.

(R. 333).

In the decision on remand, the ALJ specified the weight given the medical source opinions, and the reasons for doing so. (R. 240-41). He accorded "little weight" to Dr. Gosalia's opinion because: (1) the opinion is not supported by the treatment notes, (2) the opinion is inconsistent with other record evidence, (3) the treatment notes do not reflect anything approaching the severity of limitations reflected in the medical source statement, (4) none of the treatment notes indicate plaintiff's mental condition was a major issue or was even the reason for a particular visit. (R. 240).

The ALJ noted that state agency medical and psychological consultants had prepared opinions both in the first case (the first set of applications), and in the second case (the second set of applications). (R. 240-41)(citing Exs. 3F, B10F, B11F (R. 163-79, 550-71)). He acknowledged that the RFC assessed by the ALJ was different than that inherent in the opinions of the state agency consultants in the first case, and that there is a conflict between the opinions of the state agency consultants in the first case and the opinions of the state agency consultants in the second case. (R. 241). He resolved the conflict:

> The initial opinions are accorded limited weight as the later evidence in the second case allows a more longitudinal view of the impairments. The undersigned gives substantial weight to the opinions of the State agency medical and psychological consultants on the second case because they had a more longitudinal view of the evidence, their opinions reflect a careful

> analysis of the medical records and their opinions are consistent with the evidence.

(R. 241).

The decision on remand reflects that the ALJ complied with the Report and Recommendation as adopted by the District Court. As directed, he resolved the ambiguities and explained the weight given each opinion.  Record evidence supports his conclusions. Plaintiff argues, "the ALJ did not specifically address the findings of these opinions as required by the Magistrate.  If the ALJ had properly examined these opinions, he would have seen that they were generally consistent with Dr. Gosalia's opinion."  (Pl. Br. 21).  Plaintiff's argument is not clear.  Apparently plaintiff believes the ALJ must restate or summarize each opinion of the medical consultants, but she cites to no authority for such an assertion.

Here, the ALJ determined that plaintiff has the RFC to perform a range of medium work, and is restricted to lifting and/or carrying up to fifty pounds occasionally, and twenty-five pounds frequently; and must avoid hazards of unprotected heights, dangerous moving machinery, and operation of vehicles.  (R. 238). He found no mental limitations.  The state agency psychological consultant on the second set of applications found plaintiff's mental impairments "not severe."  (R. 550).  The state agency medical consultant on the second set of applications found plaintiff restricted to lifting and/or carrying up to fifty

pounds occasionally, and twenty-five pounds frequently; may never climb ladders, ropes, or scaffolds; and must avoid even moderate exposure to hazards (machinery, heights, etc.). (R. 566-71). The opinion of the consultants on the second set of applications, although worded somewhat differently, is identical to the RFC assessment made by the ALJ in the decision on remand.

The opinion of the state agency consultants on the first set of applications conflicts both with the RFC assessment of the ALJ and with the opinion of the state agency consultants on the second set of applications. (R. 241). On the first set, the state agency medical consultant found no exertional limitations; restricted plaintiff to occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and found plaintiff can never climb ladders, ropes, and scaffolds, and must avoid all exposure to hazards. (R. 163-70). The psychological consultant found that plaintiff has severe mental impairments of depressive syndrome and anxiety which cause her to be moderately limited in the ability to maintain attention and concentration for extended periods and the ability to complete a normal work-day or workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and markedly limited in the ability to work in coordination with or proximity to others without being distracted by them. (R. 171-79). Although the ALJ did not state

-11-

each of the restrictions opined by the state agency consultants, he noted and resolved the conflict and explained his rationale. The court sees no reason to require an ALJ to needlessly recite evidence when the decision makes clear how the ALJ treated that evidence.  Plaintiff points to no evidence which precludes the ALJ's finding except to state that the consultants' opinions were generally consistent with Dr. Gosalia's opinion.

The evidence does not support plaintiff's allegation.  Dr. Gosalia's opinion related primarily to plaintiff's mental condition and provided no physical restrictions whatsoever.  (R. 210-13).  Therefore, there is no issue regarding support or lack thereof between the opinions of the state agency <u>medical</u> consultants and Dr. Gosalia.  Dr. Gosalia opined regarding fifteen mental work-related activities; that plaintiff has "no useful ability to function" in ten areas, that plaintiff's ability to function in four areas is "seriously limited, but not precluded," and that in the remaining area her ability to function "is limited but satisfactory" (R. 210-11); whereas, as noted above, the psychological consultant on the second set of applications found plaintiff's mental impairments are not severe. (R. 550).  This consultant's opinion cannot be characterized as "generally consistent" with Dr. Gosalia's opinion.  In fact, it is in no way consistent with Dr. Gosalia's opinion, but is frankly contrary to the physician's opinion.

Plaintiff specifically argues that Dr. Gosalia's opinion is consistent with the opinion of the psychological consultant on the first set of applications. (Pl. Br. 22)(citing (R. 174-76)). As plaintiff argues, and as cited above, this consultant found in considering twenty areas of mental functioning, that plaintiff is moderately limited in two areas, and markedly limited in one area. (R. 175-76). However, he also concluded that plaintiff is not significantly limited in five areas and that the record provides <u>no evidence of limitation</u> in twelve areas; <u>id.</u>, whereas Dr. Gosalia opined regarding <u>serious or greater</u> limitations in fourteen of fifteen areas. (R. 210-11). While both opinions reflect mental limitations to some degree, the degree of limitation opined by Dr. Gosalia far surpasses the degree of limitation opined by the consultant.

The ALJ considered the medical source opinions, resolved the ambiguities presented, assigned weight to each opinion, and explained the weight assigned in light of the record evidence. This is not error, and more was not required by the Report and Recommendation adopted by the District Court.

**IV.  Whether the ALJ Erred at Step Four**

Plaintiff correctly sets out the legal standard for a step-four determination. Then she points to her testimony of difficulties preventing her return to work, and argues that the ALJ "failed to consider the combined effect of [her] physical and

mental impairments on her ability to work." (Pl. Br. 23). She points to VE testimony that an individual would be precluded from competitive employment if she had all the limitations testified to by plaintiff, and concludes that the "ALJ failed to meet his burden in proving [she] could perform her past relevant work." (Pl. Br. 23). The basis for plaintiff's allegation of error at step four is not clear. Perhaps she is arguing that she cannot perform her past relevant work because of the difficulties to which she testified. Perhaps she is arguing that the ALJ failed to consider the combined effect of all her impairments in his step four analysis. Perhaps she is arguing that the ALJ did not meet the burden to prove plaintiff can perform her past relevant work. The court will address each potential argument.

The Commissioner argues that the ALJ properly applied the correct legal standard, relying upon the VE testimony, and considering only the limitations he found credible. (Comm'r Br. 9-10). He argues that the ALJ considered the entire record (including the combined effects of plaintiff's mental and physical impairments), and properly determined plaintiff is able to perform certain of her past relevant work. (Comm'r Br. 11).

As plaintiff argues, the ALJ is required at step four to make specific findings in three phases. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996); Soc. Sec. Ruling (SSR) 82-62, 1975-1982 West's Soc. Sec. Reporting Serv., Rulings 809, 813

(1983). In phase one, "the ALJ should first assess the nature and extent of [the claimant's] physical limitations." Winfrey, 92 F.3d at 1023.

In phase two, the ALJ must "make findings regarding the physical and mental demands of the claimant's past relevant work." Winfrey, 92 F.3d at 1024. And, in phase three, the ALJ must determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." Id., 92 F.3d at 1023.

The Tenth Circuit has explained that an ALJ may properly rely upon VE testimony in making his findings at phase two and phase three of step four. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ may not delegate the step-four analysis to the VE. He may, however, rely on information supplied by the VE regarding the demands of plaintiff's past relevant work and whether a person with plaintiff's RFC could meet those demands, and he may accept the VE's opinions. Doyal, 331 F.3d at 761. The critical distinction is whether the ALJ relied upon the VE testimony in making the findings or whether the ALJ delegated the phase two and phase three findings to the VE. Id. 331 F.3d at 761. Where the ALJ made the phase two and phase three findings and quoted the VE testimony approvingly in support of those findings, he has properly relied upon the VE testimony. Id.

Here, the ALJ made RFC findings as discussed above at pp. 3, and 10 in compliance with the step four, phase one requirements. (R. 238).  The ALJ explained his reasons for finding that plaintiff is able to perform her past relevant work as a pharmacy technician, a printer operator, or a hand packager:

> The vocational expert testified that a hypothetical individual with the residual functional capacity found above could perform the claimant's past relevant work as a printer operator, a pharmacy technician and a hand packager.  The undersigned agrees with the testimony of the vocational expert.  As such, these jobs are not precluded by the residual functional capacity found herein.  In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.  The testimony of the vocational expert is being accepted in accordance with SSR-00-4p.

(R. 241).

The analysis quoted reveals that the ALJ properly applied the three-phase, step four analysis.  He assessed RFC in phase one, made the phase two and phase three findings, and quoted the VE testimony approvingly in support of those findings.  Thus, he has properly relied upon the VE testimony and the court finds no error in the step four determination.

If plaintiff argues that she cannot perform her past work because of the difficulties and limitations she testified, that argument is fruitless.  The ALJ specifically agreed with "the credibility determinations by the prior Administrative Law Judge and the Magistrate Judge."  (R. 239).  As the ALJ noted, the

-16-

prior ALJ gave ten reasons for finding plaintiff's allegations not credible, and the Magistrate Judge in the Report and Recommendation found no error in that determination. (R. 238-39, 321). Plaintiff did not appeal the finding in the Report and Recommendation, and she makes no argument in her brief before this court that the credibility determination made after remand is erroneous. The ALJ did not credit the limitations testified to by plaintiff and, therefore, it was not error to ignore those limitations in making his step four determination.

Plaintiff does not develop her argument that the ALJ failed to consider the combined effects of all of her impairments at step four. Nonetheless, the court will briefly address it. The ALJ acknowledged plaintiff's diagnoses with each of the impairments she lists: hypertension, asthma, idiopathic seizure disorder, headaches, and depression. (R. 237). Although the ALJ found plaintiff's depression or anxiety disorder are not severe impairments, that is of little consequence because the regulations require that an adjudicator consider "all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity," 20 C.F.R. §§ 404.1523, 416.923, and plaintiff points to no evidence in the record which establishes that the ALJ did not do so.

Moreover, the ALJ stated his RFC assessment was made "After careful consideration of the entire record" (R. 238), said that

-17-

he had considered "all symptoms" (R. 238), and stated, "After careful consideration of all of the evidence," he concluded plaintiff is not disabled. (R. 235). The court will usually "take a lower tribunal at its word when it declares that it has considered a matter." Hackett, 395 F.3d at 1173. Therefore, lacking any evidentiary suggestion to the contrary, the court will take the ALJ's word that he considered the entire record. The court finds no error in considering plaintiff's impairments in combination.

Finally, to the extent plaintiff argues that "the ALJ failed to meet his burden in proving [plaintiff] could perform her past relevant work," the court finds no error. (Pl. Br. 23). The court notes that the ALJ is an adjudicator, not a party to the dispute at issue. As such, while he has a duty to apply the correct legal standards and to evaluate the evidence, he never has a burden of proof as to any issue presented. Moreover, at step four it is plaintiff's burden to prove that she cannot perform any of her past relevant work, not the Commissioner's burden to prove that she can. See, Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993)(evidence that plaintiff cannot perform past relevant work establishes a prima facie case of disability); Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993)(It is the Commissioner's burden to prove plaintiff can work at a level lower than past relevant work). The ALJ determined

that plaintiff has not met her burden and is able to perform certain of her past relevant work.  Plaintiff has shown no error in that determination.

**IT IS THEREFORE RECOMMENDED** that judgment be entered in accordance with 42 U.S.C. § 405(g) AFFIRMING the decision of the Commissioner.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 6th day of October 2008, at Wichita, Kansas.

                                                  s/John Thomas Reid  
                                                  **JOHN THOMAS REID**  
                                                  **United States Magistrate Judge**