**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **CAROLYN GRANT-LEWIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 07-2447 |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Carolyn Grant-Lewis initiated this suit to challenge Defendant Commissioner Michael J. Astrue's denial of benefits under the Social Security Act. The Magistrate Judge filed a Report and Recommendation (Doc. 16) recommending that this court affirm the Commissioner's decision. Ms. Grant-Lewis objects to a portion of that Report (Doc. 17). For the reasons discussed below, the Report is adopted and the decision of the Commissioner is affirmed.

**BACKGROUND**

Ms. Grant-Lewis initially applied for benefits in 2001. That request was denied by the Commissioner, but the district court remanded for further proceedings. In the meantime, Ms. Grant-Lewis again applied for benefits. This second

application was also initially denied but was ultimately consolidated with Ms. Grant-Lewis's first application.

The Administrative Law Judge (ALJ) then held a hearing in May 2006, at which Ms. Grant-Lewis testified and, through her attorney, presented testimony from a vocational expert. The ALJ denied Ms. Grant-Lewis's request for benefits. The Appeals Council of the Social Security Administration declined to review her case, making the ALJ's determination the final decision of the Commissioner. Ms. Grant-Lewis sought review of that decision here in the district court. The Magistrate Judge recommends affirming the Commissioner's decision, and Ms. Grant-Lewis objects.

## STANDARD OF REVIEW

This court has limited review of the Commissioner's determination that a plaintiff is not disabled within the meaning of the Social Security Act. *See Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The court examines whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* But the court "neither reweighs the evidence nor substitutes its judgment for that of the Commissioner." *Id.*

The court reviews de novo those portions of the Magistrate Judge's Report and

Recommendation to which a written objection has been made. *See* D. Kan. Rule 72.1.4(b); Fed. R. Civ. P. 72(b). Those portions to which neither party objects are deemed admitted, and failure to object constitutes a waiver of any right to appeal. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004); *Johnson v. Barnhart*, 402 F. Supp. 2d 1280, 1282 (D. Kan. 2005). The court is afforded considerable discretion in determining what reliance it may place upon the Magistrate Judge's recommendations and findings. *See Johnson*, 402 F. Supp. 2d at 1282. The Court may accept, reject, or modify the Magistrate Judge's disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Johnson*, 402 F. Supp. 2d at 1282.

## DISCUSSION

In evaluating an application for social security benefits, an ALJ performs a sequential five-step analysis to determine if the claimant is disabled. The ALJ must determine whether

> (1) the claimant is presently engaged in substantial gainful activity, (2) the claimant has a medically severe impairment or impairments, (3) the impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation, (4) the impairment prevents the claimant from performing his or her past work, and (5) the claimant possesses a residual functional capability (RFC) to perform other work in the national economy, considering his or her age, education, and work experience.

*Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004).

Step four, requiring analysis of whether the claimant's impairment prevents performing past work, is at issue in this case. Step four itself consists of three phases

of analysis: "first the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC); [second,] he must determine the physical and mental demands of the claimant's past relevant work; [and finally,] the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (citing *Winfrey v. Chater*, 92 F.3d 1217, 1023 (10th Cir. 1996)). The ALJ must make specific findings at each phase of this analysis, *id.*, but the claimant bears the burden of proof, *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1050 (10th Cir. 1993).

Ms. Grant-Lewis argued in her opening brief that the ALJ erred in finding that she could perform her past relevant work. As the Magistrate Judge noted in his Report, her precise claim of error was not entirely clear from her brief. She seemed to assert that the ALJ failed to fully develop the record regarding her past work. She described her testimony about her mental difficulties at work and then maintained that the ALJ failed to consider the combined effect of her physical and mental impairments on her ability to work. "Thus," she contended, "the ALJ failed to meet his burden in proving Grant-Lewis could perform her past relevant work or that she could perform other work existing in significant numbers in the national economy."

In an effort to thoroughly address all of Ms. Grant-Lewis's possible arguments, the Magistrate Judge posited that Ms. Grant-Lewis was perhaps alleging error based on three separate grounds: that she cannot perform her past work because

of the difficulties and limitations about which she testified, that the ALJ failed to consider the combined effects of her impairments, and that the ALJ "failed to meet his burden" that she could perform past work. The Magistrate Judge then responded to each of these under-developed arguments, ultimately concluding that the ALJ's analysis on step four was proper.

In her objections to the Magistrate Judge's Report, Ms. Grant-Lewis insists that none of the arguments addressed by the Magistrate Judge were what she intended to raise. Instead, Ms. Grant-Lewis maintains that "Plaintiff clearly states in Section IV of her Brief that the ALJ erred in finding Plaintiff Grant could perform her past relevant work without adequate inquiry into the requirements of that work and further inquiry [into] Plaintiff Grant's ability to perform such work." And then Ms. Grant-Lewis cites to page 14 of her brief.

But her brief contains no Section IV, and page 14 is in the middle of her evidentiary summary and contains no reference to the ALJ or to step four of the analysis. And so again, it is unclear precisely the error she is alleging.

Ms. Grant-Lewis's memorandum objecting to the Report recounts some of her testimony concerning her physical and mental impairments, as well as complaints she made to medical professionals, as "but a few examples of Plaintiff Grant meeting her burden" in proving that she could not perform her past relevant work. Thus, she asserts, the ALJ's determination otherwise is not supported by substantial evidence. She also maintains that the ALJ did not question her about any "exertional limitations

5

such as her ability to stand, sit, walk, lift, carry, bend, or work overhead."

Contrary to Ms. Grant-Lewis's objections that the Magistrate Judge ignored her true claim of error, the Magistrate Judge addressed the ALJ's finding that Ms. Grant-Lewis was able to perform her past relevant work. The Magistrate Judge noted that the ALJ made specific findings about Ms. Grant-Lewis's abilities and that he recounted the testimony of the vocational expert in support of his ultimate conclusion that Ms. Grant-Lewis could perform her past work. Such reliance on the testimony of a vocational expert is appropriate, provided that the ALJ does not delegate the analysis to the expert entirely. *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003). The Magistrate Judge was satisfied that the ALJ properly utilized the vocational expert's testimony. With no specific objection from Ms. Grant-Lewis to the contrary, this court agrees with the Magistrate Judge's conclusion.

It appears that perhaps Ms. Grant-Lewis is claiming that the ALJ should have made further inquiry into whether she was able to perform her past work. Although the burden is on the claimant to prove disability, the ALJ also bears some responsibility for adequately developing a record. *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). Thus, the ALJ should, for example, "obtain pertinent, available medical records which come to his attention during the course of the hearing." *Id.* But in cases such as this one where the claimant is represented by counsel, the ALJ is entitled to rely on counsel to identify and adequately explore the key issues. *Id.* Ms. Grant-Lewis has offered no support for her passing claim that the

6

ALJ should have asked her more questions about her physical limitations. Particularly given that she was represented by counsel, this court concludes that the ALJ acted appropriately in ascertaining and weighing the relevant evidence.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objection to the Report and Recommendations of the United States Magistrate Judge (Doc. 17) is overruled.  The Report and Recommendation (Doc. 16) is adopted and the Commissioner's decision is affirmed.

**IT IS SO ORDERED** this 12th day of November, 2008.

        s/ John W. Lungstrum
        John W. Lungstrum
        United States District Judge